The opinion of the court was delivered by
McEnery, J.
This is a suit to partition the community alleged to have existed between Martha E. Lewis and her husband, A. G. Lewis.
They had been previously married, and Mrs. Lewis had children by her former marriage. Both had property when married.
The plaintiffs are the children of .the first marriage; the defendants are the children of Mr. and Mrs. A. G. Lewis.
The defendants excepted' to the demand of plaintiff upon the ground that there was a marriage contract entered into before the marriage between Lewis and Mrs. Starns, which provided that there •should be no community of aquets and gains, and for the additional reason that Mrs. Lewis had before her death portioned all her property among her children by both marriages.
The exception was referred to the merits to stand as an answer. By agreement the issue is to be confined to the question of the right of plaintiffs to a partition which involves the fact whether or not there was a marriage contract which stipulated there should be no community between the spouses.
There was judgment in favor of defendants, from which plaintiffs appealed.
To prove the marriage contract the defendants offered in evidence the record and judgment in suit No. 1426 of the District Court of the parish of Rapides, entitled Martha E. Starns vs. Alfred C. Lewis, her husband, which revived the marriage contract between her and her husband.
The marriage contract had been passed before Le Gros, a notary public for the parish of Rapides, and had been by him deposited and *369 recorded in the recorder’s office of that parish. The original was so deposited and recorded.
The suit of Mrs. Starns vs. Her Husband, Lewis, was brought in pursuance of Act No. 102 of 1868, providing for the revival of destroyed records by the burning of the court house in Rapides .parish in May, 1864, by the Federal troops, when they set fire to and destroyed the town of Alexandria.
Sec. 2 of said act is as follows: * * * “That hereafter any person desiring to establish any deed, bond, mortgage, judgment, or any writing whatsoever, which was of record or deposited in any office in said parislTand destroyed by the burning of the court house in May, 1864, may have the same established by applying to the judge of the district by petition, setting forth the contents and description of the deed, bond, mortgage, judgment, or any writing whatsoever, which he, she or they may wish to establish, with as much specific certainty as possible, which' petition must be served on the maker, or other party or parties in interest of the said maker or other party or parties in interest residing in the parish of Rapides.” * * *
The act (Sec. 3) requires the judge to render judgment establihing or not such deed, etc., as the evidence proves to have existed.
The recorder’s office was in the courthouse and the records of the office were destroyed.
The plaintiffs objected to the introduction of this record and judgment, “on the ground that it is not the best evidence and no basis had been established for its offer.” The record is the best evidence of its contents. The act referred to authorized the suit to establish the existence of a lost or destroyed record, and the judgment reviving and establishing the same has the same effect as the original writing which was destroyed.
The plaintiffs object also to the suit, because Lewis, the defendant acknowledged service and confessed the facts. He had, under the act, no other alternative. In proceedings to establish the destroyed record, the defendant is required to admit the facts, or to deny them under oath.
This judgment is not impeached for any reason that would render it an absolute nullity. It must have full force and effect until set aside in a direct action. The judgment was rendered by a court of *370 competent jurisdiction and the proper parties were duly cited. It can not be attacked collaterally. 30 An. -947.
There is a large amount of testimony introduced and objected to by both parties to establish or deny the existence of the marriage contract. But we deem it unnecessary to review it and go beyond the record in the suit of Starns vs. Lewis, husband.
The judgment in the case established the existence of the marriage contract, and the stipulation therein that there should not be a community between the spouses.
The judgment appealed from is therefore affirmed.